UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

DEQUARIUS D. FITZPATRICK,

    Plaintiff,

    v.                                           Case No. 20-C-1177

CO FRUEHBRODT, et al.,

    Defendants.

___

## DECISION AND ORDER

___

    Plaintiff Dequarius D. Fitzpatrick, who is currently serving a state prison sentence at Green Bay Correctional Institution (GBCI), filed this pro se action pursuant to 42 U.S.C. § 1983, alleging that GBCI Correctional Officers (COs) Fruehbrodt and Heffernan subjected him to excessive force in violation of his constitutional rights during his confinement. Presently before the court is the defendants' motion for summary judgment on exhaustion grounds. For the reasons that follow, the defendants' motion will be granted and the case is dismissed without prejudice.

## LEGAL STANDARD

    Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In evaluating each party's motion, the court must "construe all inferences in favor of the party against whom the motion under consideration is made." *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561–62 (7th Cir. 2002) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for

trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## BACKGROUND

Plaintiff Fitzpatrick was, at all times relevant to this action, serving a sentence at GCBI. According to the complaint, Fitzpatrick was put on constant observation on July 8, 2018, after he injured himself by cutting his own arm. Compl., Dkt. No. 1, ¶ 11. Constant observation involves constant line-of-sight monitoring for inmates that are considered imminently suicidal or likely to inflict harm on themselves. *Id.*, ¶ 10. CO Heffernan was assigned to monitor Fitzpatrick. *Id.*, ¶ 11. The complaint alleges that although CO Fruehbrodt was not assigned to monitor Fitzpatrick, Fruehbrodt would occasionally join Heffernan in front of Fitzpatrick's cell and taunt Fitzpatrick, calling him "pussy" and "little bitch." *Id.*, ¶ 12. On July 9, 2018, Fitzpatrick claims that he and both defendants engaged in a verbal exchange during which Heffernan told Fitzpatrick that, "You look like an animal and since you're acting like an animal, I'm going to treat you like one." *Id.*, ¶¶ 13, 14; *see also* Davidson Decl., Dkt. 13-2, at 8. Fruehbrodt then yelled at Fitzpatrick to stop harming himself, to which Fitzpatrick responded that he was not doing anything. *Id.*, ¶ 15. Despite Fitzpatrick's protests, Heffernan proceeded to spray an incapacitating agent into Fitzpatrick's cell. *Id.*, ¶¶ 15, 16. The spray caused Fitzpatrick to struggle to breathe and caused a burning sensation that lasted for several hours. *Id.*, ¶ 16. Fitzpatrick was then taken out of his cell to allow it to be cleaned, and he was later returned to his cell naked. *Id.*, ¶ 17.

Fitzpatrick filed a complaint about the incident on August 16, 2018, 23 days after the incident in question. Dkt. No. 13-2, at 8. The institution complaint examiner (ICE) rejected the

2

complaint as untimely under Wisconsin Administrative Code § DOC 310.07(2), noting specifically that Fitzpatrick made "no claim for acceptance of this untimely filed complaint for good cause" and offered no evidence or proof "that would show how this inmate was denied the use of or inhibited in any way from using the CRS since the date of the occurrence." *Id*., at 2. Fitzpatrick appealed the rejection on August 28, acknowledging that the complaint was untimely, but giving no reason for its delay. "Even though I did not file my complaint in a timely manner," Fitzpatrick wrote, "the issue at hand is serious and should be addressed." *Id.*, at 10. The warden affirmed the ICE's decision on the same day. *Id*., at 5.

## ANALYSIS

The Prison Litigation Reform Act (PLRA) provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A plaintiff's failure to properly exhaust each step of the process constitutes a failure to exhaust available administrative remedies. *Id.* The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 526, 532 (2002). The purpose of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

3

Case 1:20-cv-01177-WCG   Filed 09/29/20   Page 3 of 5   Document 22

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated, and decided." Wis. Admin. Code § DOC 310.01. Under the ICRS, an inmate must file a complaint with the institutional complaint examiner (ICE) within 14 calendar days after the events giving rise to the complaint occur, unless good cause exists to excuse a delay. *Id.* § DOC 310.07(2). "An inmate shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." *Id.*

Fitzpatrick's initial complaint was rejected as untimely because it was filed more than 14 days after the incident. Dkt. No. 13, ¶ 9. Fitzpatrick does not dispute that his complaint was filed late. Although Fitzpatrick now contends that the delay was due to an inmate restriction (Dkt. No. 15, at 2), neither his original complaint, nor his appeal, offered any justification or "good cause" for the untimeliness. Instead, Fitzpatrick merely said in his appeal that his claim was serious. *Id.*; *see also* Dkt. No. 13-2, at 2, 6. This is despite the fact that the ICE's initial rejection of the complaint noted that a review of Fitzpatrick's status between July 6, 2018, and August 21, 2018, indicates he was not in any status or on any restrictions that prevented him from filing his complaint in a timely manner. *Id.* at 6.

Having failed to offer good cause for the untimely filing of his inmate complaint at the time it was rejected, Fitzpatrick cannot claim good cause now. His failure to assert good cause before the ICE constitutes a waiver of any such claim. His inmate complaint was therefore properly rejected, and as a result, he failed to exhaust his administrative remedies. *See Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) (holding that "a prison grievance rejected solely on the basis of untimeliness will not fulfill the exhaustion requirement"); *see also Pozo*, 286 F.3d at 1023

("unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred").

Because he failed to properly exhaust his administrative remedies, Fitzpatrick's federal lawsuit against COs Fruehbrodt and Heffernan must be dismissed. The defendants' motion for summary judgment (Dkt. No. 10) is therefore **GRANTED**. The Clerk is directed to enter judgment dismissing all claims against the defendants.

**SO ORDERED** at Green Bay, Wisconsin this 29th day of September, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
